ORIGINAL

BY FAX

1  JP LAW
   Laura Furuta, Esq. [State Bar Number: 210198]
2  28484 Constellation Road
   Valencia, California 91355
3  Telephone: (661) 505-1188
   Facsimile: (661) 607-0199
4
5  Attorneys for Plaintiff
   Claudio Diaz
6

FILED
JAN - 3 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7             UNITED STATES DISTRICT COURT
8             NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| CLAUDIO DIAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE and DOES 1 – 20, inclusive.<br><br>Defendants. | Case No.: **C13-0040**<br><br>COMPLAINT<br><br>1. VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (12 U.S.C. §2605)<br>2. VIOLATION OF <u>BUSINESS AND PROFESSIONS CODE</u> SECTION 17200<br>3. FRAUD<br>4. CONTRACTUAL BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>5. DECLARATORY AND INJUNCTIVE RELIEF<br><br>DEMAND FOR TRIAL BY JURY<br>UNLIMITED JURISDICTION |

///

COMES NOW Plaintiff, Claudio Diaz (hereinafter referred to as "Plaintiff") and alleges as follows:

---
1
**COMPLAINT**

## PARTIES

1. At all times relevant herein, Plaintiff was over the age of eighteen and a resident in the County of Contra Costa, State of California. Plaintiff is the owner of real property located at 1308 Sherwood Drive, Concord, California 94521-3350 which is a single family residence in which the Plaintiff resides ("subject property").

2. Plaintiff is informed and believe and thereon allege that Defendant Bank of America, (hereinafter "BANA") is and at all times relevant herein was, a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under laws of the United States and/or maintaining offices in and doing business in California.

3. Plaintiff is informed and believes and thereon alleges that Defendant NATION STAR MORTGAGE, (hereinafter "NATIONSTAR") is a corporation acting on its own, as a Mortgage Trustee or acting as agent for the Trustee or beneficiary. NATIONSTAR is one of Bank of America's agents, which acts as trustee under deeds of trust securing real estate loans so as to foreclose on property securing the real estate loans held or serviced by BANK OF AMERICA. NATIONSTAR is and at all times relevant herein was, a corporation, association, partnership, joint venture, and/or sole proprietorship organized and existing under the laws of State of California and/or maintaining offices in and doing business in California.

4. Plaintiff is informed and therefore believes and on that basis alleges that each fictitiously named defendants, herein DOES 1 through 20, are responsible for the events hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named defendants when ascertained.

5. Plaintiff is informed and therefore believes and on that basis alleges that at all times mentioned herein, the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers, and co-conspirators of each and every other named or unnamed defendant in this Complaint.

6. Plaintiff is informed and therefore believes and on that basis alleges that each of the said defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed defendants.

7. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity. As a result of their mortgage activities, defendants and each of them are and were subject to and must comply with Civil Code Section 2924, Civil Code Section 2923.5, and Business and Professions Code §17200, *et. seq.*

## JURISDICTION

8. The Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1331 and 1337 because it involves federal questions regarding interpretation and proper application of the Real Estate Settlement Procedures Act, 12 U.S.C. §2601 ("RESPA").

9. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

10. The Court has jurisdiction to render the declaratory judgment Plaintiffs seek pursuant to 28 U.S.C. §2201.

## VENUE/DISTRICT ASSIGNMENT

11. Venue is proper in the Oakland Branch of this Court pursuant to 28 U.S.C. §1391(b) and local rules because the Subject Property is located in Contra Costa County, California.

## INTRODUCTION

12. Plaintiff brings this action against Defendants for unlawful, unfair, or fraudulent business practices in violation of Business & Profession Code §17200, *et seq.* and Fraud.

13. Defendants operated a complex wrongful foreclosure scheme which used misleading fraudulent tactics to victimize hundreds, if not thousands, of consumers through the State of

13. Defendants operated a complex wrongful foreclosure scheme which used misleading fraudulent tactics to victimize hundreds, if not thousands, of consumers through the State of California. Many consumers have already lost their homes to foreclosure or face default, foreclosure and the loss of their homes as a direct result of these practices. Moreover, Defendant's have now made it nearly impossible for any borrower to obtain a loan modification without first being in default, foreclosure or near trustee sale.

14. The fees that Defendants generate from borrowers in default are substantial. As they grow, these fees make a reinstatement of the loan less and less feasible and as a result the borrowers ultimately go into foreclosure.

15. As a result of the mortgage activities alleged herein, defendants, and each of them, had a duty to and were subject to and under a duty to comply with the Home Affordable Modification Program (HAMP). However, Defendants have not complied with the Home Affordable Modification Program and have made it a nearly impossible task to obtain any type of assistance with a loan modification without first being in default. At times, borrowers have even been instructed and advised by Defendants that they stand a better chance of "keeping" their property if they "stop making their payments" or "short sale" their property.

## FACTUAL ALLEGATIONS

16. On or about July of 2008, Plaintiff obtained a mortgage loan from Bank of America which was secured by a Deed of Trust. Thereafter the servicing rights of the Note and Deed of trust were assigned to Defendants BANK OF AMERICA.

17. For the first three years of the mortgage agreement, Plaintiff made all of his payments in a timely manner and according to terms.

18. On or about December of 2011, Plaintiff contacted Defendants Bank of America regarding modification of his loan and restructuring of his current mortgage due to Plaintiff experiencing a severe work injury wherein he severed his finger thus rendering him unemployed.

19. At that time, the representative for Bank of America, informed the Plaintiff in Spanish that they would modify his loan but in order to do so he "had to be in default", and thereon

instructed Plaintiff to purposely stop making his mortgage payments in order to qualify. Plaintiff informed the representative that he was not comfortable with that and would still like to attempt a loan modification. Plaintiff requested a loan modification payment.

20. Thereafter, Defendant, Bank of America, mailed Plaintiff a loan modification package which he completed and mailed back along with all the supporting documentation.

21. Plaintiff waited approximately one week and contacted Defendant Bank of America to confirm receipt of his loan modification documents. At that time, Plaintiff spoke to a Bank of America representative who informed Plaintiff that they did in fact receive his loan modification application and supporting documents and that an agent would be assigned to handle his request.

22. Plaintiff was further informed that the process of assigning an agent would take approximately 1 to 2 months.

23. When Defendant, Bank of America, failed to contact Plaintiff within the anticipated time line, he contacted Defendant and was informed that his application "was still being processed" and that they would contact him if any further documentation was needed.

24. Plaintiff continued making his payments but informed the Defendants that he had suffered a severe accident that severed his finger and had been out of work.

25. Plaintiff then waited an additional 30 days without receiving any correspondence from Bank of America and contacted them telephonically. It was then that Plaintiff was informed that he had been denied due to missing documentation and would have to reapply. When Defendant asked what documentation was missing, the representative said "she did not know however that is what is noted in the system".

26. Plaintiff immediately reapplied for the loan modification and once again received the same daunting task of monitoring his own application and being transferred from agent to agent. Finally Defendants informed Plaintiff that they were missing his income tax returns for the year 2011. Plaintiff informed Defendants that he was in the process of having them completed and would have them done within 4 days. Four days later, Plaintiff contacted Bank of America to inform them that he had completed his income taxes and would be forwarding them.

27. Bank of America then informed Plaintiff "not to bother" because his application had already been denied because he failed to return his income tax documents. Angered and bewildered, Plaintiff informed Bank of America that he had spoken to a representative four days earlier and they indicated to him that they noted the account and would give him two weeks to deliver the documents.

28. Plaintiff at this point was dismayed, discouraged and found it nearly impossible to speak to anyone in Spanish as he is predominately Spanish speaking. Plaintiff was transferred to numerous representatives and left several voicemails.

29. Thereafter, Plaintiff submitted a third loan modification application and was once again denied due to "missing documents" that were never specified to the Plaintiff. Soon thereafter, people began to show up to the Plaintiff's resident and take pictures of his home. When Plaintiff would ask who they were they would indicate that they had been sent by Bank of America to take pictures of his home.

30. Plaintiff is informed and believes, and upon such information and belief alleges that Defendants "Loan Modification" program is nothing more than a ruse designed to circumvent California State Bill 1137 and to lead Plaintiff and other similarly situated borrowers to early default and foreclosure. Soon thereafter, Plaintiff received a letter stating that his mortgage had been transferred to Nation Star Mortgage.

31. As a result thereof, Plaintiff has been damaged in the costs associated with bringing this action to enjoin Defendants and each of them from unlawfully depriving Plaintiff from the ownership of the subject property.

### FIRST CAUSE OF ACTION

### RESPA Violations under 12 U.S.C. §2605

### (AGAINST ALL DEFENDANTS)

32. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. The subject loan is a mortgage loan under the provisions of RESPA, 12 U.S.C. §2605. A violation of RESPA is also made unlawful under California state law by Financial Code §50505, which specifies that any violation of RESPA is also a violation of the California Mortgage Lending Act.

34. Plaintiffs are informed and believe, and thereon allege, that Defendants have engaged in a pattern and practice of non-compliance with the requirements of RESPA, including concealing TILA and RESPA violations.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants violated RESPA by receiving money and/or other things of value for referrals of settlement service business related to the subject loan, including secret kickbacks and yield spread premiums to their "in house" brokers. In return, their "in house" brokers steered Plaintiff into a loan at a rate and at terms well above market rates and above those that the Plaintiff could have obtained absent such practices.

36. As a direct and proximate result of Defendant's failure to comply with RESPA, Plaintiffs have suffered and continue to suffer compensable damages.

## SECOND CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

### Against Defendants BANK OF AMERICA, NATIONSTAR AND DOES 1-20

37. Plaintiff re-alleges and incorporates by reference the allegations contained above as though fully set forth herein.

38. Business and Professions Code §17200, *et seq.*, prohibits acts of unfair competition, which shall mean and include any "unlawful, unfair, or fraudulent business act of practice."

39. Defendants' conduct alleged herein constitutes "unlawful", "unfair" and "fraudulent" conduct under Business and Professions Code §17200, *et seq.*

40. As more fully described above, the acts and practices of BANK OF AMERICA and RECONTRUST ("Foreclosing Defendants"), and DOES 1 through 20 inclusive, are likely to

1  deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues
2  to this date.

3  41. Specifically, the Defendants engaged in deceptive business practices with respect to
4  mortgage loan servicing, foreclosure of residential properties and related matters by:

5      a. Assessing improper or excessive fees;

6      b. Improperly characterizing Plaintiff's account as being in default or delinquent
7  status to generate unwarranted fees;

8      c. Instituting improper or premature foreclosure proceedings to generate
9  unwarranted fees;

10      d. Seeking to collect, and collecting, various improper fees, costs and charges, that
11  are either not legally due under the mortgage contract or that are in excess of amounts legally
12  due;

13      e. Executing and recording false and misleading documents; and

14      f. Inducing borrowers to enter into "loan modification applications" that they have
15  no intention of ever processing or loans that they have no intentions to modify.

16  42. Plaintiff is informed and believes and thereon alleges sustained over $1,200.00 in fees
17  and Penalties as well as fees to obtain documentation and applications to Defendants. The
18  foreclosure fees and charges are as result of Defendants' misconduct of initiating premature
19  foreclosure. Defendants' misconduct include but are not limited to: conducting non-judicial
20  foreclosure without first complying with the legal requirements of California non-judicial
21  foreclosure statutory scheme of Civil Code Section 2924 et seq., recoding notice of default where
22  the amount of default is inflated and does not correspond with terms of the contract.

23  43. Plaintiff has standing to pursue this claim because he suffered injury and has lost
24  money in the amount well over $1,500.00 in foreclosure charges, fees, penalties and
25  reinstatement fees not yet ascertained.

26  44. Defendants' business practices as alleged herein and described above are fraudulent and
27  unfair because they are likely to deceive borrowers such as Plaintiff.

28

45. Defendants' fraudulent business practices as described herein are continuing, capable of repetition, and will continue unless restrained and enjoined by the Court.

46. Defendants' business practices, as alleged herein, are "unfair" because they are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to mortgage borrowers. Defendants' conduct is also "unfair" because the utility, if any, of their conduct alleged herein is vastly outweighed by the gravity of the harm these practices impose on borrowers such as Plaintiff. Furthermore, Defendants' business practices offend the legislatively declared policy of providing opportunities for mortgage borrowers to make intelligent decisions and seek guidance to save their houses from foreclosure.

47. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of Defendants BANA and NATIONSTAR, Plaintiff has suffered and will continue to suffer damages in the form of unfair and unwarranted amount of foreclosure fees, late fees, other improper fees and charges.

48. Moreover, BANA and NATIONSTAR engaged in a uniform pattern and practice of unfair and overly-aggressive servicing that has resulted in the assessment of unwarranted and unfair fees against California consumers, and premature default often resulting in unfair and illegal foreclosure proceedings. The scheme implemented by the Foreclosing Defendants is designed to defraud Plaintiff and enrich Defendants.

49. Defendants BANA and NATIONSTAR ignored California non judicial foreclosure statutes Civil Code Section 2924, *et seq*. and engaged in systematic fraudulent and unfair business practices by providing misleading and incomplete information in order to foreclose on the Subject Property. Rather than providing Plaintiff with solutions to avoid foreclosure, Plaintiff was instructed by Defendants to default on his loan in order to obtain a loan modification.

50. Defendants' business practices, as alleged herein, are fraudulent and unfair because they are likely to deceive the Plaintiff.

51. Plaintiff is informed and believes and thereon alleges that Defendants continue in their fraudulent business which include but are not limited to: 1) by routinely issuing NODs without

COMPLAINT

first complying with the legal requirements of Civil Code Section 2923.5; and 2) by foreclosing on real properties without complying with California non-judicial foreclosure scheme.

52. Defendants' fraudulent business practices as described herein are continuing, capable of repetition, and will continue unless restrained and enjoined by the Court.

53. Defendants' business practices, as alleged herein, are "unfair" because they are immoral, unethical, oppressive, unscrupulous and/or substantially injurious to mortgage borrowers. Defendants' conduct is also "unfair" because the utility, if any, of their conduct alleged herein is vastly outweighed by the gravity of the harm this practice imposes on Plaintiff. Furthermore, Defendants' business practices offend the legislatively declared policy of providing opportunities for mortgage borrowers to make intelligent decisions and seek guidance to save their houses from foreclosure.

54. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the Foreclosing Defendants, Plaintiff has suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges.

### THIRD CAUSE OF ACTION
### FRAUD (Civil Code §1572)
### (AGAINST DEFENDANT BANK OF AMERICA and NATIONSTAR MORTGAGE DOES 21 through 100 Inclusive)

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. Plaintiff re-alleges that all beneficial interest along with the obligations under the NOTE was allegedly assigned to BANK OF AMERICA.

57. Plaintiff further alleges that BANK OF AMERICA accepted the assignment and rights to the Note and presently is enforcing a contract obtained by fraudulent actions.

58. Plaintiff alleges that BANK OF AMERICA, its employee/agents and DOES 1 through 20 Inclusive intentionally, willfully and wantonly misrepresented the actual terms of the

loan including but not limited to interest rate of the loan, monthly payments and prepayment penalty.

59. Plaintiff alleges that Defendants BANK OF AMERICA and RECON and its agents were engaged in an illegal scheme, the purpose of which was to generate fraudulent commissions and profits.

60. On or about on or about March of 2006, BANK OF AMERICA, knowingly and willfully misrepresented, concealed and suppressed the material terms of the loan including but not limited: that the interest rate on the Plaintiffs' loan was fixed despite the fact it was adjustable interest rate capped not to decrease below 2.250%; the monthly payments of $1,980.00 was for 30 years which was sufficient to pay off the interest of the loan reduce the principal balance of the loan. In particular, Defendants misrepresented to Plaintiff that he could afford the loan and refinance it within a year.

61. Defendants' representations concerning the subject loan were material to Plaintiffs' decision to purchase the property, to accept the loan procured for them by Defendants, and to make payments on said loan. Unfortunately, Defendants' misrepresentations were false.

62. In reasonable and justifiable reliance on Defendant's representations and without knowledge of their falsity, Plaintiff was induced to his detriment to proceed to closing on the subject loan. But for Defendant's misrepresentations, Plaintiffs would not have entered into the subject loan.

63. Plaintiffs' reliance on the false representations of BANK OF AMERICA caused Plaintiff to obtain this highly prejudicial loan. Had Plaintiff knew that the monthly payments were going to increase and interest rate of the loan was not fixed and it was designed only to increase, they would not have entered into this loan.

64. BANK OF AMERICA and its agents deliberately failed to disclose the material terms of the loan in order for Plaintiff to enter into a fraudulent and prejudicial home mortgage loan.

65. BANK OF AMERICA knew or should have known that the information given to Plaintiff about the material terms of the loan was misleading and incomplete. Therefore, in approving Plaintiff and consenting to the loan and by providing and preparing said documents and/or information, Defendants knowingly perpetrated fraud.

66. Additionally, BANK OF AMERICA through its agents and DOES 1 through 100 engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for self-serving purposes and financial gain, which injustice ought to be made known.

67. Plaintiff is informed and believes and therefore alleges that Defendants purposefully and intentionally devised this Interest Only loan scheme of flatly omitting material information and making partial misleading representations while omitting material facts, in order to deceive Plaintiff into believing that the loan would provide a low payment.

68. Plaintiff is informed and believes and therefore alleges that throughout all relevant times in this Complaint, BANK OF AMERICA who failed to disclose the actual terms of the loan herein alleged, was agent and employee of BANK OF AMERICA and in doing the things herein alleged was acting within the course and scope of such agency and employment and as a direct consequence of their permission, consent, acquiescence, ratification, inducement and affirmative mandate.

69. Plaintiff is informed and believes and therefore alleges that BANK OF AMERICA, its agents and/or DOES 1 through 100 conspired to make such misrepresentations in a concerted effort to induce Plaintiff to enter into the ruinous transaction.

70. Plaintiff further alleges that the information that BANK OF AMERICA and its agents failed to disclose was material to their decision and they would not have entered into the loan had BANK OF AMERICA and it agents made accurate disclosures.

71. Plaintiff justifiably and reasonably relied on the deceptive statements made by BANK OF AMERICA and its agents, and said reliance was the actual and proximate cause of Plaintiff's damages including but not limited paying increased interest rate than originally agreed.

12
**COMPLAINT**

72. As a direct result of this refinance transaction orchestrated by BANK OF AMERICA its agents, Plaintiff suffered damages in an amount not yet ascertained at this time and to be proven at trial.

### FOURTH CAUSE OF ACTION

### Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

### (AGAINST DEFENDANTS BANK OF AMERICA and RECON DOES 1 through 100 Inclusive)

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement. The terms of the Loan imposed upon Defendants BANK OF AMERICA and DOES 1 through 20 Inclusive a duty of good faith and fair dealing in this matter.

75. Defendant BANK OF AMERICA and DOES 1 through 20 Inclusive enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. Defendants were required to exercise such power in good faith.

76. BANK OF AMERICA and DOES 1 through 20 Inclusive willfully breached their implied covenant of good faith and fair dealing with Plaintiff when they:

    a. Willfully withheld numerous disclosures;

    b. Concealed and suppressed material terms of the loan;

    c. Altered the terms of the Note; and

  d. Misrepresented the material terms of the loan including but not limited interest rate and monthly payments.

77. Plaintiff has suffered injury and the Defendants' actions caused Plaintiff the threat of loss of their home. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

78. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

## FIFTH CAUSE OF ACTION
## DECLARATORY AND INJUNCTIVE RELIEF
## (AGAINST ALL DEFENDANTS)

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80. An actual controversy has arisen and now exists between Plaintiff and Defendants as to the following issues:

  a. Regarding their respective rights and duties, in that Plaintiff contends that Defendants do not have the right to foreclose on the Subject Property because Defendants' security interest in the Subject Property has been rendered void by operation of law, pursuant to Civil Code, Business and Professions Code, and other statutory laws. Thus, the purported power of sale by Defendants no longer applies.

  b. Plaintiff's contend that Defendants failed to comply with foreclosure avoidance workout plan requirements of Civil Code 2923.5. However, Defendants contend they have complied with all such requirements.

87. Defendants' actions in the processing, handling, and attempted foreclosure of the loan constitute numerous violations of State laws designed to protect borrowers. As a direct consequence Plaintiff has been placed at an equitable disadvantage. Accordingly, Plaintiff requests that this Court find the purported Power of Sale contained in the Deed of Trust to have

no force or effect at this time. Plaintiff further requests that title to the Subject Property remain in Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

88. Plaintiff desires judicial determination of their rights and duties, and declaration as to validity for the finance loan agreement, finance loan transaction, and Defendant's right to proceed with remedies to foreclose on the note, inclusive of a non-judicial foreclosure of the Subject Property.

89. Plaintiff alleges that a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights under the Note and as to Defendant's rights to proceed with its remedies, inclusive of the non-judicial foreclosure of the Subject Property.

90. Plaintiff alleges that Defendants' actions have undermined her right to the Subject Property and have interfered, and continue to interfere with Plaintiff's right of possession as the owner of the Subject Property.

91. By the actions above and set forth herein, Plaintiff has a strong likelihood of prevailing on the merits of the case. Plaintiff requests that this court grant a Preliminary Injunction and Temporary Restraining Order first as to any action to set the Subject Property for a non-judicial sale pursuant to foreclosure proceedings, and secondly a permanent injunction precluding defendants from engaging in wrongful conduct identified herein in the future.

## JURY TRIAL DEMANDED

92. Plaintiff demands that his case be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff will ask for the following for each Cause of Action sustained:

1. That the Foreclosure or Attempted Foreclosure of the Subject Property is deemed Illegal and void and the same be immediately and permanently enjoined; and that Defendants are prevented from engaging in any sale, transfer, conveyance, action or any conduct adverse to the Plaintiff's interest herein.

2. For General Damages in an amount to be determined by proof at trial.

3. For Punitive Damages according to proof;

4. For Compensatory Damages according to proof;

5. That all actions of all the Defendants be determined to be unfair deceptive business practices in violation of California statutes and that this Court awards all such relief to Plaintiff as he may be entitled to including injunctive relief, treble damages and an award of costs and attorneys fees;

6. That the underlying loan transaction be deemed void as a result of Defendant's various breaches and violations;

7. For an immediate, preliminary and permanent restraining order and injunction preventing Defendants or any of their agents or representatives from taking any further action on the Subject Property, including but not limited to foreclosure or any unlawful detainer action; and

8. For any prejudgment or other interest according to law.

9. Any other and further relief that the Court considers just and proper.

Dated: December 30, 2012                     JP LAW

                                             _____
                                             Laura Furuta, Esq.
                                             Attorney for Plaintiff